IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


TAYLOR CHEVROLET, INC.               :
dba TAYLOR DEALERSHIPS, aka
TAYLOR TEAM OF DEALERSHIPS.,         :         Case No. 2:07 CV 0053

              Plaintiff,             :         Judge Frost

v.                                   :         Magistrate Judge King

MEDICAL MUTUAL SERVICES, LLC,        :

              Defendants.            :


**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO REMAND**

        Taylor Chevrolet, Inc. ("Taylor") originally filed this claim in state court against

Defendant, Medical Mutual Services, LLC ("MMS").  MMS removed this case to this Court,

asserting ERISA's "complete preemption" doctrine, and Taylor has filed a motion to remand.  In

arguing that the Court has subject matter jurisdiction and therefore should not remand, MMS

advances two arguments.

        First, MMS argues that Taylor misstates the scope of the complete preemption doctrine

when it asserts that only claims for benefits under section 502(a)(1)(B) of ERISA, 29 U.S.C.

§1132(a)(1)(B), are removable under the doctrine.  Citing *Smith v. Provident Bank*, 170 F.3d 609

(6th Cir. 1999), MMS argues that any claim that could be brought under any subsection of section

502(a) of ERISA is removable.  MMS's second argument is that one or more of the counts of

Taylor's complaint, none of which, as MMS concedes, are claims for benefits, is nevertheless

removable because it is completely preempted by ERISA.

1

In *Taylor-Sammons v. Bath*, 398 F. Supp. 2d 868 (S. D. Ohio 2005), this Court noted that the removing party must satisfy two requirements to establish that an ERISA claim is completely preempted: (1) that the plaintiff's claims "relate to" an ERISA plan within the meaning of ERISA's preemption provision; and (2) that the plaintiff's claims fall within ERISA's enforcement provisions. 398 F. Supp.2d at 872. MMS's memorandum opposing remand essentially addresses both elements, but in reverse order. After a very brief discussion of MMS's "facts," Taylor will respond in the order in which MMS presents its arguments.

## FACTS

MMS's discussion of the facts of this case appears to be nothing more than an attempt to litigate the merits. In support of its position on the merits, MMS has appended three affidavits and an insurance booklet. Taylor strongly disputes most of the averments of the affidavits, as well as MMS's characterization of the facts. Because neither MMS's outline of the underlying facts nor the affidavits has any bearing on the motion to remand, however, Taylor will reserve its response to them until a more appropriate time.

## ARGUMENT

I.    **Only claims under section 502(a)(1)(B) of ERISA are removable under the complete preemption doctrine.**

There is no dispute that confusion exists in this circuit about the scope of the complete preemption doctrine. MMS argues that any claim that arises under any subdivision of section 502(a) of ERISA is removable under the complete preemption doctrine, rather than only those that arise under section 502(a)(1)(B). (MMS Mem. at 5-6).

The cases upon which MMS relies take a broad view of removal, essentially asserting that there is no substantive reason why breach of fiduciary duty claims that arise under ERISA

should not be treated similarly to claims for benefits.  Thus, the argument goes, the only reason

that the leading cases, *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir. 1995) (*en banc*), and

*Wright v. GMC*, 262 F.3d 610 (6th Cir. 2001), held that removal was limited to claims arising

under section 502(a)(1)(B) was because "the majority of complete pre-emption cases coming

before the Court have involved claims for benefits."  (MMS Mem. at 5).  *See Kalo v. Moen, Inc.*,

93 F. Supp.2d 869, 872 (N.D. Ohio 2000).

There is, however, a substantive reason why claims under section 502(a)(1)(B) are

removable and other claims arising under section 502(a) are not.  Both the Supreme Court and

the Sixth Circuit have made clear that the complete preemption exception to the well-pleaded

complaint rule is "very narrow" and turns upon the express intent of Congress.  These principles,

the circumstances and the express language of *Warner*, and the Supreme Court's decision in

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), compel the conclusion that none of Taylor's

claims is completely preempted.

The ordinary rule is the "well-pleaded complaint" rule, which recognizes that a plaintiff

is the master of his complaint and a complaint that does not assert on its face a federal claim

cannot be removed.  *Taylor-Sammons*, 398 F. Supp.2d at 872.  The Supreme Court, however, has

recognized an exception that permits removal "in situations where Congress has indicated an

intent to occupy the field so completely that any ostensibly state law claim is in fact a federal

claim for purposes of arising-under jurisdiction."  *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th

Cir. 2004).

Because the complete preemption doctrine is both an exercise of "extraordinary

preemptive power" *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987), and "very

narrow," *Allied Erecting & Dismantling Co., Inc. v. Ohio Cent. R.R., Inc.*, 2006 U.S. Dist.

LEXIS 76542, *14-15 (N.D. Ohio 2006), "[t]he Supreme Court has only found three statutes that

evince this sort of Congressional intent: §301 of the LMRA, see *Avco Corp. v. Aero Lodge No.*

*735*, 390 U.S. 557, 560 (1968), §502(a)(1)(B) of ERISA, see *Metro. Life Ins. Co. v. Taylor*, 481

U.S. 58, 63-66, 95 (1987), and §§85 and 86 of the National Bank Act, see *Beneficial Nat'l Bank*,

539 U.S. at 10-11." *Dale*, 386 F.3d at 776 (emphasis added; parallel citations omitted). *See also*

*Allied Erecting,* 2006 U.S. Dist. LEXIS 76542, *14-15 ("Courts have very narrowly construed

the applicability of complete preemption. The United States Court of Appeals for the Sixth

Circuit has noted that only four statutes evince Congressional intent to completely preempt a

field: §301 of the LMRA; § 502(a)(1)(B) of ERISA; §§85 and 86 of the National Bank Act; and

§301(a) of the Copyright Act.").

When, therefore, the Supreme Court first considered, in *Taylor,* the application of the

complete preemption doctrine to ERISA claims, the Court's focus was upon whether Congress

had demonstrated a clear intent that claims for benefits under ERISA be completely preempted

by federal law.  The Court's analysis was further informed by its earlier decision in *Avco Corp.*

*v. Machinists*, 390 U.S. 557 (1968), which held that claims that were preempted by Section 301

of the Labor Management Relations Act were removable despite the well-pleaded complaint

rule.  Based upon *Avco*, and in particular Congress's reference to it in the legislative history, the

Court concluded that Congress intended that claims for benefits be completely preempted:

> The Conference Report on ERISA describing the civil enforcement
> provisions of § 502(a) says:
>
> > "With respect to suits to enforce benefit rights under the plan or to
> > recover benefits under the plan which do not involve application of
> > the title I provisions, they may be brought not only in U.S. district
> > courts but also in State courts of competent jurisdiction. All such
> > actions in Federal or State courts are to be regarded as arising
> > under the laws of the United States in similar fashion to  those
> > brought under section 301 of the Labor-Management Relations Act

of 1947." H. R. Conf. Rep. No. 93-1280, p. 327 (1974) (emphasis
added).

No more specific reference to the *Avco* rule can be expected and the rest of
the legislative history consistently sets out this clear intention <u>to make
§502(a)(1)(B) suits brought by participants or beneficiaries</u> federal questions for
the purposes of federal court jurisdiction in like manner as § 301 of the LMRA.

*Taylor*, 481 U.S. at 66 (emphasis added).

The Supreme Court's decision was appropriately narrow. Its analysis was limited to

whether claims for benefits under section 502(a)(1)(B) were completely preempted, and it

reached that conclusion by finding an express Congressional linkage between *Avco* and ERISA

claims for benefits.

*Warner* is the seminal case in this circuit, and it arose to resolve a conflict within the

circuit about the scope of the preemption doctrine. 46 F.3d at 533. Several panel decisions had

taken a narrow view of complete preemption, in accord with the Supreme Court's decision in

*Taylor*, see *Warner*, *id.*, but the panel opinion in *Van Camp v. AT&T Information Systems*, 963

F.2d 119 (6th Cir. 1992), adopted a broader view of the rule. *Id.*

The *Warner* court rejected the broader view, analyzing the claims with reference to

Congressional intent and relying upon the narrow and precise language used by the Supreme

Court:

In *Metropolitan Life*, the Court did hold that the scope of the "complete
preemption" exception for removal is narrow – it said that it is "reluctant to find
that extraordinary pre-emptive power . . .that converts an ordinary state common
law complaint into one stating a federal claim for purposes of the well-pleaded
complaint rule." *Id*. at 65. The Court ruled that the exception is narrowly limited
in the ERISA context to state common law or statutory claims that fall within the
ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B) because "the
legislative history consistently sets out this clear intention to make
[§1132(a)(1)(B)] suits brought by participants or beneficiaries federal questions
for the purpose of federal court jurisdiction...." *Id.* at 66. Therefore, in order to
come within the exception a court must conclude that the common law or
statutory claim under state law should be characterized as a superseding ERISA

action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in §1132(a)(1)(B).

…

When we look past the complaint before us, the plaintiff's cause of action or basic claim has none of the characteristics of a §1132(a)(1)(B) action to enforce the ERISA agreement.

*Warner*, 46 F.3d at 534.

In light of the reason the Sixth Circuit was sitting *en banc*, it seems unlikely that it would have been careless with its language in setting out the scope of complete preemption. To the contrary, the court's specific reference to ERISA's legislative history, as set forth in *Taylor*, strongly suggest that the Court knew precisely what it was doing when it held that only claims preempted by section 502(a)(1)(B) could be removed under the complete preemption doctrine.

The careful study of the case law and the legislative history in which the Court was engaged in *Warner* stands in contrast to the Court's reasoning in *Provident Bank*, which neither cited nor discussed the *en banc Warner* decision.[1] In addition to its failure even to mention *Warner*, the *Provident Bank* opinion did not conduct the analysis of Congressional intent that the Supreme Court said in *Taylor* was essential to its holding. The *Provident Bank* court merely analogized ERISA fiduciary claims to claims for benefits and found "little reason" to distinguish between the two:

> Neither the Supreme Court nor this court has expressly extended this complete preemption doctrine to claims for breach of fiduciary duty, which fall under §1132(a)(2), not §1132(a)(1)(B). However, we see little reason to distinguish between the two provisions. ERISA is at least as concerned with defining and standardizing the duties of a fiduciary as it is with providing for recovery of benefits. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251-53, 124 L. Ed. 2d 161, 113 S. Ct. 2063 (1993) (describing obligations ERISA imposes on fiduciaries). A claim for breach of fiduciary duty against the fiduciary of an ERISA plan

---

[1] To be sure, the court did little to clarify the confusion when, in *Wright*, it cited *Warner* but did not discuss *Provident Bank*.

necessarily presents a federal question. Thus, Stauter's state-law fiduciary duty claim is not only preempted but also provides federal subject-matter jurisdiction.

*Smith v. Provident Bank,* 170 F.3d 609, 613-614 (6th Cir. 1999).

While reasoning by analogy is not an uncommon tool, the analogy here is inapt absent specific legislative history indicating that Congress intended all of section 502(a) of ERISA, and not merely 502(a)(1)(B), to support removal jurisdiction.

In 2004, the Supreme Court once again took up the issue of complete preemption in the ERISA context and once again expressed the doctrine in narrow terms. The substantive claim at issue in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), was whether a cause of action brought pursuant to a Texas statute regulating HMOs was preempted under ERISA. The case was brought originally in a Texas state court, but Aetna sought to remove it as completely preempted by ERISA. The lower courts held removal improper, but the Supreme Court concluded that at least one of the claims that had been asserted was essentially a claim for benefits preempted by section 502(a)(1)(B) of ERISA and, therefore, was completely preempted and removable. 542 U.S. at 209.

Two aspects of the Court's decision are significant. First, the Supreme Court reiterated that its prior holding was limited to section 502(a)(1)(B):

> In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987), the Court determined that the similarity of the language used in the Labor Management Relations Act, 1947 (LMRA), and ERISA, combined with the "clear intention" of Congress "to make §502(a)(1)(B) suits brought by participants or beneficiaries federal questions for the purposes of federal court jurisdiction in like manner as §301 of the LMRA," established that ERISA §502(a)(1)(B)'s pre-emptive force mirrored the pre-emptive force of LMRA § 301. Since LMRA § 301 converts state causes of action into federal ones for purposes of determining the propriety of removal, see *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968), so too does ERISA §502(a)(1)(B).

542 U.S. at 209 (emphasis added, parallel citations omitted).

7

Second, the Court expressly noted that the question of whether claims preempted by

section 502(a)(2) were completely preempted so as to permit removal was not before it: "In this

Court, petitioners do not claim or argue that respondents' causes of action fall under ERISA

§502(a)(2). Because petitioners do not argue this point, and since we can resolve these cases

entirely by reference to ERISA §502(a)(1)(B), we do not address ERISA §502(a)(2)." *Davila*,

542 U.S. at 206 n. 1.

While it is true, as MMS points out, that several district court decisions in this circuit

attribute the statutory limitations expressed in *Warner* and *Wright* to careless drafting or the

fortuity of circumstances, there are many other decisions that are more faithful to the language

and holding of *Warner* and *Wright*. *See, e.g. Miami Valley Hosp. v. Cmty. Ins. Co*., 2006 U.S.

Dist. LEXIS 54627, 13-23 (S. D. Ohio 2006) ("There was no point in time where Plaintiff could

have brought this particular claim under ERISA § 502(a)(1)(B), as it asserts that the terms of the

Plan were satisfied. Thus, these claims are not preempted."); *Taylor-Sammons v. Bath*, 398 F.

Supp. 2d 868, 873 (S. D. Ohio 2005) ("state law claims outside the scope of §1132(a)(1)(B) are

not subject to removal"); *State Farm Mut. Auto. Ins. Co. v. Health Alliance Plan*, 2007 U.S. Dist.

LEXIS 4231, 6-7 (E.D. Mich. 2007) ("A state claim is completely preempted, and thus

removable under ERISA, if it is equivalent to an civil enforcement action under 29 U.S.C. §

1132(a)(1)(B)."); *Moll v. International Union, United Auto., Aerospace & Agric. Implement

Workers,* 911 F. Supp. 269, 272 (E.D. Mich. 1996) ("Since plaintiff is not asserting any claim as

a participant or beneficiary of an employee benefit plan under ERISA §1132(a)(1)(B), her state

law claims are not completely preempted by ERISA.").

The issue for the Court is whether *Warner* or *Provident Bank* is the controlling authority

here. "When confronted with two panel opinions in direct conflict, the earlier decision is

generally considered controlling." *Ak Steel Corp. v. Sollac*, 234 F. Supp. 2d 711, 739 (S.D. Ohio 2002), citing *Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996), and Newell *Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988). The earlier precedent, however, may be disregarded where the earlier "panel had not considered controlling Supreme Court precedent. 'A decision that fails to consider Supreme Court precedent does not control if the court determines that the prior panel would have reached a different conclusion if it had considered controlling precedent.'" *Sollac*, *id.*, quoting *Atlantic Thermoplastics Co., Inc. v. Faytex Corp.*, 970 F.2d 834, 838 (Fed. Cir. 1992)

In this case, *Warner* is the earlier case, was an *en banc* decision, and was more faithful to the Supreme Court's analysis in *Taylor*. This Court should follow *Warner* and hold that none of the claims in Taylor's complaint is completely preempted.

## II.      Plaintiff's claims are not preempted at all.

### A.      Plaintiff's breach of fiduciary duty claim does not establish this Court's removal jursidiction.

#### 1.      MMS has not carried its burden of establishing that either MMS or Taylor are fiduciaries.

As the removing party MMS bears the burden of establishing federal jurisdiction. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party, and all doubts as to the propriety of removal are resolved in favor of remand." *Wiseman v. Universal Underwriters Ins. Co.*, 412 F. Supp. 2d 801, 803 (S.D. Ohio 2005).

To establish that Taylor's claim for breach of fiduciary duty is preempted, it must establish that the claim either "(1) mandate[s] employee benefit structures or their

administration; (2) provide[s] alternate enforcement mechanisms; or (3) bind[s] employers or

plan administrators to particular choices or preclude uniform administrative practice."

*Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005).

Since neither the first nor the third prong of the test applies, MMS must establish that Taylor's

claim seeks to provide an "alternate enforcement mechanism" to the enforcement mechanisms

available under ERISA.

MMS attempts to satisfy *Penny's* second prong by establishing that both Taylor and

MMS are ERISA fiduciaries and, therefore, that Taylor's state law claim is merely an alternative

to a breach of fiduciary claim under section 502(a)(2) of ERSA, 29 U.S.C. §1132(a)(2).  MMS

even expresses disbelief that Taylor "would actually argue that a breach of fiduciary duty claim

brought by one ERISA fiduciary against another ERISA fiduciary is not completely pre-

empted."  (MMS Mem. at 9-10).

The problem, however, is that the claims in Taylor's complaint are not claims that are, or

could have been, brought by one ERISA fiduciary against another ERISA fiduciary.  ERISA

limits who can sue – and who can be sued – for breach of fiduciary duty:  "A civil action may be

brought … by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for

appropriate relief under section 409 [29 U.S.C. §1109]."  29 U.S.C. §1132(a)(2).  A claim under

section 409 of ERISA seeks to hold liable only "a fiduciary" who breaches any obligation it

owes to the plan.  29 U.S.C. §1109 ("A person who is a fiduciary with respect to a plan … shall

be personally liable to make good to such plan any losses….").

Since Taylor plainly is neither the Secretary, a participant, nor a beneficiary, it can

maintain a claim against MMS only if Taylor is itself a fiduciary.  Employers as employers have

no standing to sue under ERISA.  *DeMarco v. C&L Masonry. Inc.*, 891 F.2d 1236, 1240 (6th Cir.

1989). And even if it could be shown that Taylor was a fiduciary for some purposes, Taylor's

claims in this case do not arise out of any fiduciary obligation, nor are they brought for the

benefit of the plan or its participants. See Plaintiff's Mem. in Support of Motion to Remand at

12-15 and cases cited therein. Taylor claims that it is entitled, as an employer, to compensation

from MMS for losses suffered by Taylor in its capacity as employer.

Similarly, MMS is a proper defendant to an ERISA action for breach of fiduciary duty

only if it is an ERISA fiduciary. *See Varity Corp. v. Howe*, 516 U.S. 489 (1996). And even if

MMS is an ERISA fiduciary for some purposes, it can only be sued under section 502(a)(2) if the

duties it breached were duties it owed to the ERISA plan or its participants. 29 U.S.C. §1109.

*See also Hunter v. Caliber Sys., Inc*., 220 F.3d 702, 718 (6th Cir. 2000).

Where MMS's argument ultimately fails, therefore, is its failure credibly to allege –

much less establish – that either MMS or Taylor are "ERISA fiduciaries." If it cannot credibly

allege that both Taylor and MMS are fiduciaries, it cannot carry its burden of establishing federal

jurisdiction.

Nowhere in any papers that it has filed with the Court has MMS properly alleged facts

that would permit a finding that either Taylor or MMS is an ERISA fiduciary. MMS made no

such allegations in its Notice of Removal. Similarly, MMS made no such allegation in its

Answer.[2] In support of its memorandum opposing remand, MMS offered three affidavits and a

plan booklet, but none of those papers alleges facts that could support a finding that both MMS

and Taylor are fiduciaries.

Only in the memorandum itself does MMS assert that Taylor is a fiduciary, but that

assertion is nothing more than a bare conclusion. MMS alleges no facts to support its

---

[2] Neither has Taylor alleged, either in its complaint or in its motion to remand, that either party is an ERISA fiduciary.

11

conclusion. And with respect to MMS's own status, it carefully hedges on the issue of whether it is a fiduciary, inviting the Court to conclude that MMS is an ERISA fiduciary for purposes of establishing removal jurisdiction, but leaving open the possibility that it can thereafter defeat Taylor's claim on the merits by proving that it actually is not a fiduciary. As the proponent of federal jurisdiction, MMS cannot have it both ways.

### a) Taylor is not an ERISA fiduciary.

As noted, MMS's only allegation that Taylor is a fiduciary is a conclusory one: "There is no question that as the Plan sponsor, Taylor is an ERISA fiduciary." (MMS Mem. at 7). But MMS's conclusion is not accurate.

> Whether an employer who is also an ERISA plan sponsor is a fiduciary of the plan generally requires a detailed analysis of the employer's actions and whether those actions were performed in the employer's fiduciary capacity. We must examine the conduct at issue to determine whether it constitutes 'management' or 'administration' of the plan, giving rise to fiduciary concerns, or merely a business decision that has an effect on an ERISA plan not subject to fiduciary duties.

*COB Clearinghouse Corp. v. Aetna United States Healthcare, Inc*., 362 F.3d 877, 881-882 (6th Cir. 2004) (internal citations and quotations omitted). *See also Detroit Terrazzo Contrs. Ass'n v. Bd. of Trs. of the B.A.C. Local 32 Ins. Fund*, 71 Fed. Appx. 539, 540-541 (6th Cir. 2003) ("As a plan sponsor, DTCA did not act as a fiduciary as long as the functions it performed were limited to settlor-type functions, such as establishing the plan and designing its benefits….. A plan sponsor acts as a fiduciary only if it exercises discretionary authority over the management and administration of the plan."); *Hunter v. Caliber Sys., Inc*., 220 F.3d 702, 718 (6th Cir. 2000) ("We have recognized that employers who are also plan sponsors wear two hats: one as a fiduciary in administering or managing the plan for the benefit of participants and the other as employer in performing settlor functions such as establishing, funding, amending, and

terminating the trust. The fiduciary obligations imposed by ERISA are implicated only where an employer acts in its fiduciary capacity.")(citations omitted).

Taylor denies that by enforcing its rights under an administrative contract separate from the plan document and by seeking damages for the loss of insurance proceeds payable to Taylor in its capacity as employer (and not payable to the benefit plan) it is acting as an ERISA fiduciary. MMS has neither established nor even alleged facts that would permit the Court to conclude, as a matter of fact, that Taylor is or could be found at trial to be a fiduciary for the purposes of its claims in this case. MMS also has not offered any legal authority in support of its position that Taylor's claims here are preempted.

### b) MMS concedes that it is not a fiduciary.

MMS's argument about its own fiduciary status is more deceptive. MMS asserts in the subheading to its argument that "Both Taylor and MMS are ERISA fiduciaries." (MMS Mem. at 7). But then it never actually sets about to prove that it is, itself, a fiduciary. It cites a number of cases for the proposition that third-party administration of the plan can be a fiduciary act, as can its control over an account holding plan assets. (MMS Mem. at 7-9). There are factual problems with MMS's argument because, as MMS notes in a footnote, whether a third-party administrator is actually a fiduciary depends upon the particular facts (MMS Mem. at 7, n. 3, citing *Briscoe v. Fine*, 444 F.3d 478 (6th Cir. 2006)), and whether MMS actually ever controlled a bank account holding plan assets is not alleged in any of the papers or otherwise factually established except as an unsupported allegation.

More importantly, MMS does not argue that the acts in which it was engaged that form the basis for Taylor's claims (failing to inform the excess insurance carrier and converting a double payment to its own use) were fiduciary acts. To the contrary, while implying (MMS

Mem. at 7-9) that MMS may be an ERISA fiduciary, later in its argument MMS expressly

reserves the question, apparently intending to claim – once federal jurisdiction is established –

that it is <u>not</u> a fiduciary:

> Whether or not MMS is ultimately determined to be a fiduciary, the fact remains
> that Plaintiff has *alleged* that MMS is a fiduciary.  The ultimate success of this
> claim (including the possibility that MMS may be determined not to be a
> fiduciary) does not affect the removability of the claim.  Taylor drafted its
> complaint and now must live with the effects of what it asserted.

(MMS Mem. at 11, emphasis in original).  *See also* MMS Mem. at 2 ("The parties explicitly

recognized that performing these duties <u>could</u> make MMS a fiduciary to the extent it exercised

discretion in administering claims.")(Emphasis added).

MMS cites *Provident Bank* for the proposition that it can claim to be a fiduciary for

removal purposes but then deny that status when the case proceeds to resolution on the merits.

(MMS Mem. at 11, citing *Provident Bank*, 170 F.3d at 613).  Whatever else might be said of the

decision in *Provident Bank*, it does <u>not</u> hold that a defendant can assert fiduciary status for

purposes of removal, but then avoid liability on the merits by subsequently claiming that is not a

fiduciary.  The *Provident Bank* court held that removal was proper in that case because it

expressly determined that Provident was a fiduciary.  *Provident Bank*, 170 F.3d at 613 ("Because

Provident controlled Plan assets, it is liable under ERISA as a fiduciary").  The court's

speculation about whether two employees of Provident, who were also sued, might or might not

also ultimately be liable as fiduciaries, which is the portion of *Provident Bank* upon which MMS

relies, had no bearing on removal.  Jurisdiction was established with the legal finding that

Provident was a fiduciary.

The case that is on point is *Michigan Affiliated Healthcare Sys. v. CC Sys. Corp*., 139

F.3d 546 (6th Cir. 1998).  In that case, the defendants sought removal under ERISA and argued,

in opposition to the plaintiff's motion to remand that one of the defendants, "CCS," was a

fiduciary, then later argued, on the merits, that it was not a fiduciary.  The Sixth Circuit held that

the case should have been remanded:

> In denying the motion to remand, the court erroneously found that CCS was a
> fiduciary under ERISA because it exercised discretionary authority under the
> Plan. After  the court made that finding in denying the motion to remand, Lansing
> General amended its complaint to allege that CCS was a fiduciary. Thereafter,
> CCS denied that it was a fiduciary.  Ultimately, the court agreed with CCS that it
> was not a fiduciary in its final ruling on summary judgment.
> …
> Even if there was no jurisdiction under § 1132(a)(1)(B), the defendants have
> argued that removal would be proper under § 1132(a)(2) or (3).  The district court
> did find an alternative basis for jurisdiction under § 1132(a)(3), but it is a
> provision providing for injunctive relief. Lansing General asked for injunctive
> relief in respect to some of its claims, but the primary claims were for damages.
> In addition, the provisions of either subsection (2) or (3) implicate duties of
> fiduciaries in actions brought by a participant, beneficiary or fiduciary.  Because
> CCS was not a fiduciary, no jurisdiction arose.  Even after the district court
> erroneously found CCS was a fiduciary, when it later determined that CCS was
> not a fiduciary, it should have remanded the case then.

*Michigan Affiliated Healthcare Sys.*, 139 F.3d at 549-550.

MMS is unwilling to state categorically that it was an ERISA fiduciary with respect to

the claims Taylor alleges in its complaint.  The case should be remanded.

MMS also rests its claim that removal was proper based on the allegations in Taylor's

complaint that MMS was a fiduciary.  (MMS Mem. at 11).  While it is true that Taylor seeks to

hold MMS liable for a breach of fiduciary duty, it asserts that the fiduciary duty arises under

state law.  No reference is made in Taylor's complaint to ERISA, and in any case a claim for

breach of fiduciary duty under ERISA could not properly have been filed in state court.  29

U.S.C. §1132(e)(1).

It is not true, therefore, as MMS alleges, that the only basis for maintaining a breach of

fiduciary duty claim against MMS is under ERISA.  (MMS Mem. at 11) ("The only

circumstances under which MMS would be a fiduciary … would be imposed under ERISA.").

Under Ohio law, a "fiduciary relationship is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *In re Termination of Employment of Pratt*, 40 Ohio St. 2d 107, 115 (1974), citing 5 *Bogert on Trusts and Trustees*, 119-132. Fiduciary status can be established by statute, *see, e.g.*, the Ohio Uniform Fiduciary Act, R.C. §1339.03, or by common law. *See, e.g., Arpadi v. First MSP Corp.*, 68 Ohio St. 3d 453 (1994).

At trial, Taylor will bear the burden of establishing that MMS owed it fiduciary duties under the common or statutory law of Ohio. It may be able to prove facts sufficient to satisfy its burden of proof, or it may not. But even if it cannot prove by a preponderance of the evidence that MMS breached fiduciary duties that it owed to Taylor under Ohio law, it does not necessarily follow, as MMS suggests, that Taylor's claim necessarily arises under ERISA. If Taylor cannot prove its fiduciary claim under Ohio law, that claim simply fails.

Taylor does not claim to be an ERISA fiduciary, and MMS offers no facts that allege otherwise. Taylor does not claim that MMS is an ERISA fiduciary, and MMS does not allege that it is. MMS has not carried its burden of establishing that this Court has subject matter jurisdiction over this action.

**III.     The last five counts of Taylor's complaint are not preempted.**

MMS argues in just one paragraph that Counts Three through Seven of Taylor's complaint are completely preempted. It undertakes no analysis except to say that as the fiduciary claim goes, so go the balance of Taylor's claims. (MMS Mem. at 12). Since the fiduciary claims do not provide a basis for preemption, MMS's argument fails.

**IV.     The breach of contract claims are not preempted.**

MMS argues that the breach of contract claim arising out of the overpayment is preempted by ERISA's prohibited transaction rules, codified at 29 U.S.C. §1106.  MMS does not make much a factual case in support of its argument; it simply cites two statutes and invites the Court to conclude that the statutes compel a finding of complete preemption.

MMS's argument fails, however, because both of the statutes regulate the conduct of ERISA fiduciaries.  *See* 29 U.S.C. §1106(a)(1)(B) ("A fiduciary with respect to a plan shall not …."); 20 U.S.C. §1106(b)(1) ("A fiduciary with respect to a plan shall not ….").  Both of these statutes are enforced by bringing a claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(2).  Both as a legal matter (Taylor Mem., *supra*, at Part I) and as a factual matter (Taylor Mem., *supra* at Part II), MMS can not establish the existence of an ERISA claim for breach of fiduciary duty that supports preemption.

MMMs' citation to *Ball v. Transcon Empl. Co*., 2006 U.S. Dist. LEXIS 9491 (S.D. Ohio 2006), is inapposite.  In *Ball*, the plaintiff originally filed suit in federal court, alleged that the defendant was an ERISA fiduciary, and sought damages for breach of contract in addition to damages for breach of fiduciary.  *Ball* does not involve the Court's removal jurisdiction.

With respect to the breach of contract  claim arising out of the reinsurance claims, MMS has essentially conceded the force of the argument presented in Taylor's initial memorandum supporting the motion.  Its argument in response is less than a page.

MMS's sole legal authorities are cited in a footnote (MMS Mem. at 13-14 n .5), and properly so.  Both decisions are now bad law.

*Ampere Automotive Corp. v. Employee Ben. Plans, Inc*., 1992 U.S. Dist. LEXIS 13097 (N.D. Ill. 1992), was decided in the days when almost everything was held to be preempted by

ERISA. The Supreme Court has substantially narrowed the scope of ERISA preemption since then. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). (*See* Plaintiff's Initial Mem. at 7-8). Moreover, *Ampere* was not a removal decision, and the scope of ERISA preemption is not co-extensive with complete preemption. *Taylor-Sammons v. Bath*, 398 F. Supp. 2d 868, 872 (S. D. Ohio 2005). (*See* Plaintiff's Initial Mem. at 5-7).

*Lanter Co. v. D.B.L. Servs.*, 1994 U.S. Dist. LEXIS 20955 (D. Ill. 1994), was a removal case, but it followed *Ampere* in applying ERISA preemption more broadly than is now acceptable. Moreover, even though *Taylor* preceded *Lanter* by seven years, the decision is devoid of any discussion of *Taylor* or of the complete preemption doctrine.

Finally MMS distinguishes this case from the cases cited by Taylor by arguing that "the contract plaintiff seeks to enforce must be separate and distinct from the ERISA qualified plan." (MMS Mem. at 14).

It is. (*See* Taylor's Complaint, ¶4 and Ex. 1; Complaint, ¶10 and Ex. 3).

MMS hints that Taylor *might* actually be suing to enforce a provision in the plan document, but it fails to direct the Court's attention to any provision in the plan that it contends Taylor is trying to enforce. (MMS Mem. at 14 ("If any such requirement does exist, it is found within the Plan documents, rather than in the agreement between Taylor and MMS.") (Emphasis added)).

MMS bears the burden of establishing the Court's removal jurisdiction, and basing removal on the complete preemption doctrine sets a high bar. Speculating that Taylor might be complaining about an unidentified plan provision is not sufficient to carry MMS over that bar.

## CONCLUSION

None of the claims asserted in Taylor's complaint are completely preempted by ERISA. Because there is no complete preemption, there are no federal claims presented in this case, and the Court lacks subject matter jurisdiction. As such, the Court should enter an order remanding this case to the Court of Common Pleas of Fairfield County, Ohio.

Respectfully submitted,


_____/s/ Tony C. Merry_____
Tony C. Merry        (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
3300 Riverside Drive, Suite 125
Columbus, Ohio  43221
(614) 372-7114
(614) 372-7120 [fax]
tmerry@tmerrylaw.com


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon David J. Wigham, Critchfield, Critchfield & Johnson, Ltd., 225 N. Market Street, Wooster, Ohio 44691, attorney for Defendant Medical Mutual Services, LLC, via the Court's electronic filing system on this 5th day of April, 2007.


_____/s/ Tony C. Merry_____
Tony C. Merry