129M7K

**Send to:** MERRY, TONY
TONY C MERRY LLC LAW OFFICE OF
3300 RIVERSIDE DR
COLUMBUS, OH 43221-1738

**Time of Request:** Thursday, April 05, 2007   16:44:06 EST
**Client ID/Project Name:** TaylorChevTCM
**Number of Lines:** 326
**Job Number:**    1822:21343537

Research Information

**Service:**   LEXSEE(R) Feature
**Print Request:** Current Document: 1
**Source:** Get by LEXSEE(R)
**Search Terms:** 2006 U.S. Dist. LEXIS 54627

LEXSEE 2006 U.S. DIST. LEXIS 54627



Analysis
As of: Apr 05, 2007

**Miami Valley Hospital, Plaintiff, v. Community Insurance Company, dba Anthem Blue Cross & Blue Shield, Thomas E. Griffith, and Tonya Griffith, Defendants.**

Case No. 3:05-cv-297

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

*2006 U.S. Dist. LEXIS 54627; 39 Employee Benefits Cas. (BNA) 1994*

**August 7, 2006, Decided
August 7, 2006, Filed**

**PRIOR HISTORY:** *Miami Valley Hosp. v. Cmty. Ins. Co., 2006 U.S. Dist. LEXIS 2743 (S.D. Ohio, Jan. 25, 2006)*

**COUNSEL:** [*1] For Miami Valley Hospital, Plaintiff: J Kevin Cogan, Jonathan Kent Stock, Jones Day, Columbus, OH; Stephen Edward Klein, Vandalia, OH; Charles Joseph Faruki, Faruki Ireland & Cox PLL - 3, Dayton, OH.

For Community Insurance Company dba Anthem Blue Cross & Blue Shield, Defendant: Robert Neal Webner, Vorys Sater Seymour & Pease - 2, Columbus, OH.

**JUDGES:** Thomas M. Rose, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Thomas M. Rose

**OPINION:**

**DECISION AND ENTRY REJECTING-IN-PART REPORT AND Recommendation OF UNITED STATES CHIEF MAGISTRATE JUDGE MERZ,** (DOC. 22), **SUSTAINING-IN-PART PLAINTIFFS' OBJECTIONS TO CHIEF MAGISTRATE'S REPORT AND Recommendation,** (DOC. 24), **AND GRANTING PLAINTIFF'S MOTION TO REMAND.** (DOC. 7).

Pending before the Court are Plaintiff's Objections to the Report and Recommendation of Chief Magistrate Judge Michael M. Merz. Doc. 22. The Report and Recommendation, Doc. 20, concludes that Plaintiff's Motion to Remand, doc. 7, should be denied. As required by *28 U.S.C. § 636(b)* and *Federal Rule of Civil Procedure 72(b)*, the Court has made a *de novo* review of the record in this case. Upon said review, the Court [*2] finds that Plaintiff's objections, doc. 24, to the Report and Recommendation, doc. 22, are well taken and they will be sustained. Accordingly, the Court will grant Plaintiff's Motion to Remand. Doc. 7.

**I. Background**

Because the instant case is before the Court on a motion to remand to state court due lack of subject matter jurisdiction, the Court will draw its understanding of the case from the allegations made in the Amended Complaint: n1

> 2. Between January 24, 2005 and January 25, 2005, Plaintiff provided to Patient, on an emergency basis, medically necessary hospital services in the amount of $

Page 2

2006 U.S. Dist. LEXIS 54627, *2; 39 Employee Benefits Cas. (BNA) 1994

23,455.39.

3. At the time of admission, Patient executed the contract attached hereto as Exhibit "A." The contract provides that Patient will pay Plaintiff for all services provided by Plaintiff. The contract also assigned to Plaintiff payment of all insurance benefits to which Patient was entitled under any insurance policy.

4. Shortly after Patient's admission, Plaintiff requested from Anthem authorization to provide Patient medically necessary hospital services. In response to Plaintiff's request, Anthem affirmatively authorized Plaintiff to provide Patient [*3] such services. In reasonable reliance on Anthem's authorization, Plaintiff provided Patient with such hospital services.

5. On or about January 31, 2005, Plaintiff electronically submitted to Anthem the bill for the services provided to Patient. That billing expressly notified Anthem that Patient had assigned to Plaintiff all rights to payment of insurance benefits. Pursuant to *R.C. § 3901.386*, n2 Anthem is under a statutory duty to honor the assignment executed by Patient.

6. Upon information and belief, *on or about February 14, 2005, Anthem issued a check in the amount of $ 3,869.97 directly to Patient in violation of R.C. §§ 3901.385 n3 and 3901.386.* At no time did Anthem provide Plaintiff with written notice of its denial of the balance of Plaintiff's claim.

7. Patient has failed to remit to Plaintiff any of the monies paid to him by Anthem.

8. There remains due and owing to Plaintiff the sum of $ 23,455.39 for the services provided to Patient.

COUNT I

(Violations of *O.R.C. §§ 3901.385* and *3901.386*)

9. Anthem owes Plaintiff the sum of $ 3,869.97 by virtue of the assignment of benefits executed by Patient.

COUNT II

(Promissory [*4] Estoppel)

10. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 9 above as if fully rewritten.

11. At no time did Anthem withdraw its authorization for Plaintiff to provide hospital services to Patient.

12. At no time did Anthem request that Patient be transferred to another hospital.

13. Because of Anthem's authorization, and Plaintiff's reasonable reliance on that authorization, Anthem is estopped from denying payment of the claim for the authorized services.

14. As a result, Anthem is liable to Plaintiff for the *full amount* of the services provided to Patient.

COUNT III

(Late Payment Under the Ohio Prompt Pay Act)

15. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 18 above as if fully rewritten.

26. Anthem failed to process the claim submitted to it by Plaintiff in accordance with *R.C. § 3901.381*. n4 As a result, Anthem owes Plaintiff *all amounts* it should have paid plus interest at the rate of eighteen percent (18%) per annum from February 14, 2005 pursuant to *R.C. § 3901.389*. n5

Doc. 30 (emphases added). Counts IV, V, and VI seek

Page 3

2006 U.S. Dist. LEXIS 54627, *5; 39 Employee Benefits Cas. (BNA) 1994

[*5] to recover the balance of the $ 23,455.39 referenced in paragraph 8 of the complaint, not from Anthem, but from Co-Defendant, Patient Tonya Griffith.

> n1 Three complaints can be found in the docket entries. Defendants attached the original complaint to their notice of removal. Doc. 1. Defendants attach an amended complaint to their motion to remand, doc. 7, alleging that this document was filed in state court prior to when Defendants filed their notice of removal in this court, as, apparently, Defendants had not yet received service of a copy of this document. The Court understands this complaint to be the one upon which the jurisdictional foundation for removal must hinge. The Second Amended Complaint, doc. 30, could destroy the jurisdictional foundation for federal court jurisdiction, if the Court finds removal proper, but does not factor into the determination of the Motion to Remand. Doc. 7. The Court would reach the same conclusion that it reaches on the Motion to Remand analyzing any of the complaints, however.

> n2 The statutory state law provision alleged to have been violated reads:
>
>> (C) A third-party payer may not refuse to accept and honor a validly executed assignment of benefits with a hospital pursuant to division (B) of this section for medically necessary hospital services provided on an emergency basis.
>
> *Ohio Rev. Code § 3901.386(C).*

[*6]

> n3 This statute states:
>
>> A third-party payer shall not...[e]ngage in any business practice that unfairly or unnecessarily delays the processing of a claim or the payment of any amount due for health care services rendered by a provider to a beneficiary....
>
> *Ohio Rev. Code. § 3901.385(C).*

> n4 This law establishes time limits for third-party payer processing of health care provider claims.

> n5 This law establishes a penalty of up to 18% per annum for failing to abide by the limits in *Ohio Rev. Code § 3901.381.*

On August 5, 2005, Plaintiff filed an action in state court, which Defendants removed to this forum on September 6, 2005, alleging that Plaintiff's claims are preempted by the Employee Retirement Insurance Security Act of 1974 (ERISA), *29 U.S.C. § 1001, et seq.* Doc. 1. On October 6, 2005, Plaintiff responded to the removal by filing a motion to remand the action to state court, asserting as a basis for the motion either of two procedural irregularities, namely, failure to obtain the consent of deceased Defendant [*7] Thomas E. Griffith or failure to file copies of state-court filings it had yet to receive in the mail, or because its state-law claims are not preempted. Doc. 7.

The matter was referred to United States Chief Magistrate Judge Michael R. Merz, who recommended denying the motion to remand. Doc. 22. The Court adopts Chief Magistrate Merz's resolution of the claimed procedureal irregularities, but will sustain the objection with regard to the thornier question of whether Plaintiff's claims are preempted and grant the motion to remand the action to the Montgomery County Court of Common Pleas.

**II. Legal Standard**

The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936).* This is no less true where, as here, it is the defendant, rather than the plaintiff, who seeks the federal forum. See, e.g., *Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453-54 (6th Cir. 1996).* When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating [*8] its claims. *Amen v. City of Dearborn,*

Page 4

2006 U.S. Dist. LEXIS 54627, *8; 39 Employee Benefits Cas. (BNA) 1994

*532 F.2d 554, 560 (6th Cir. 1976)*. In a removed action, the removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993)*. The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)* (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. *Id.*

### III. Legal Analysis

It is not entirely clear which claims in the complaint the notice of removal believes are preempted by ERISA. Instead of indicating which claims are preempted, the notice of removal simply reminds the Court that only one cause of action in a case need be subject to federal jurisdiction and removable in order for the Court to have jurisdiction to determine all issues in the case. Doc. 1. The Court understands from the filings of the parties, however, that Community Insurance [*9] believes all claims against it to be pre-empted by ERISA.

There are two distinct types of pre-emption under ERISA: conflict preemption and complete preemption. Conflict preemption is governed by ERISA § 514, *29 U.S.C. § 1144*. Complete preemption is a judicially created doctrine with roots in ERISA § 502(a), *29 U.S.C. § 1102(a)*.

*Section 502(a)* does not mention "complete pre-emption," rather, it creates remedies for an ERISA plan participant by providing that a plan participant may bring an action either "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and "to obtain other appropriate equitable relief" to redress violations of ERISA or the plan or "to enforce the terms of the plan." Relevant to the motion under review, a claim that could be raised under *§ 502(a)*, but which is stated in the complaint as a claim arising under state law, necessarily states a federal claim under *§ 502(a)* and is automatically converted into a federal claim. See *Metropolitan Life Ins. v. Taylor, 481 U.S. 58, 66-67, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)*. [*10] This is known as "complete preemption." Because such claims are inherently federal in nature, complete preemption allows them to be removed to federal court pursuant to *28 U.S.C. § 1441*. *Id. at 67, 107 S. Ct. 1542*.

Complete preemption stands in contrast with conflict preemption, which arises where compliance with both federal and state law is physically impossible or "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz, 312 U.S. 52, 67, 61 S. Ct. 399, 85 L. Ed. 581 (1941)*. Conflict preemption, however, is governed by section 514(a) of ERISA, *29 U.S.C. § 1144(a)*, which states, in pertinent part:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

*29 U.S.C. § 1144(a). Section 514(b)*, however, includes a "savings provision" [*11] one clause of which provides:

> Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

*29 U.S.C. § 1144(b)(2)(A)*.

ERISA § 514, *29 U.S.C. § 1144*, creates a "conflict preemption" defense in cases where a plaintiff attempts to get relief under a state law theory that relates to an ERISA plan but does not state a claim under ERISA itself. Thus, "ERISA [conflict] pre-emption, without more, does not convert a state claim into an action arising under federal law." *Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)*; see also *Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908)*; *Tolton v. American Biodyne, Inc., 48 F.3d 937, 941 (6th Cir. 1995)*; *Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995)* (en banc). The Supreme Court has construed §

Page 5

2006 U.S. Dist. LEXIS 54627, *11; 39 Employee Benefits Cas. (BNA) 1994

*514(a)*, the conflict preemption provision, to be broad-sweeping. See *Pilot Life Ins. v. Dedeaux, 481 U.S. 41, 47, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987)*. [*12]

While complete preemption and conflict pre-emption are distinct, n6 the savings clause of the conflict preemption provision, *§ 514(b)*, would seem to inform complete preemption, as it would be odd that Congress impliedly pre-empted via complete preemption something that it has expressly stated it is not preempting. Thus, while "congressional intent...sometimes is so clear that it overrides a statutory provision designed to save state law from being preempted," *Rush Prudential HMO v. Moran, 536 U.S. 355, 375, 122 S. Ct. 2151, 153 L. Ed. 2d 375 (2002)*, at other times a statutory provision designed to save state law from being preempted actually succeeds in so doing. The rules of statutory construction require that an express congressional statement that a certain area of state law is not preempted must govern some discernible area of state law.

> n6 It has been said that a state law claim cannot at once be preempted by *§ 514* and completely preempted by *§ 502*. See, e.g., *Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 735 (E.D. Mich. 2002)*; *Erbaugh v. Anthem Blue Cross & Blue Shield, 126 F. Supp. 2d 1079, 1081 (S.D. Ohio 2000)*; *Stewart v. Berry Family Health Ctr., 105 F. Supp. 2d 807, 811 (S.D. Ohio 2000)*; *Tovey v. Prudential Ins. Co. of Am., 42 F. Supp. 2d 919, 921-25 (W.D. Mo. 1999)*.

[*13]

**A. Ohio Revised Code Claims**

With this in mind, the Court turns its attention to the contentions of the parties, and the analysis in the Report and Recommendation. Community Insurance asserts that Miami Valley's causes of action against it are completely pre-empted by ERISA. In seeking remand, however, Miami Valley asserts there is no complete pre-emption here, as it is allegedly beyond the scope of ERISA complete preemption recognized by the Supreme Court in *Davila:*

> if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" *ERISA § 502(a)(1)(B)*. *Metropolitan Life, at 66, 107 S.Ct. 1542*. In other words, if an individual, at some point in time, could have brought his claim under *ERISA § 502(a)(1)(B)*, and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by *ERISA* [*14] *§ 502(a)(1)(B)*.

*542 U.S. 200, at 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312*. Miami Valley believes its claims are beyond both branches of this test, the first branch because Miami Valley allegedly could never have brought its claims under ERISA § 502(a)(1)(B), *29 U.S.C. § 1132(a)(1)(B)*, and the second branch because its claims against Community Insurance are based on independent duties imposed by the Ohio direct pay and prompt pay statutes, *Ohio Revised Code §§ 3901.386(C), 3901.381*, and *3901.389* and common law promissory estoppel.

In response, Community Insurance notes that the Amended Complaint heavily emphasizes that Mr. Griffith purported to assign his benefits under the plan to Miami Valley Hospital. See,. e.g., Amended Complaint at P3: "The contract [which Mr. Griffith signed on admission] also assigned to Plaintiff payment of all insurance benefits to which Patient was entitled under any insurance policy." Doc. 7, ex. A. The Amended Complaint further alleges, however, that insurance benefits have been paid to Mr. Griffith. *Id.,* at P 6. Count I, which is labeled as being for violation of *Ohio Revised Code § 3901.386* [*15], alleges "Anthem owes Plaintiff the sum of $ 3,869.97 by virtue of the assignment of benefits executed by Patient."

Community Insurance also relies heavily upon a pre-Davila Sixth Circuit case that found that a health care provider which asserted a claim for payment of benefits pursuant to an assignment from a plan participant or beneficiary has standing to sue as a beneficiary under *29*

Page 6

2006 U.S. Dist. LEXIS 54627, *15; 39 Employee Benefits Cas. (BNA) 1994

*U.S.C. § 1132, Cromwell v. Equicor-Equitable HCA Corp., 944 F. 2d 1272 (6th Cir. 1991)*. Community Insurance adds the final assertion that its legal duties under *Ohio Revised Code § 3901.386(C)*, which forbids third-party payers from refusing to "accept and honor validly executed assignment[s] of benefits...for medically necessary hospital services provided on an emergency basis," are not independent of the plan because those duties are dependent on a valid assignment of benefits under the plan.

In its Reply Memorandum, Miami Valley points out that it is not suing as an assignee of Mr. Griffith, and asserts that its claims are not derivative of his ERISA rights, as Mr. Griffith's ERISA rights have already been determined by Community [*16] Insurance's payment of benefits to him. Thus, Miami Valley characterizes Count I as a claim that the benefits were wrongfully not paid directly to it under *Ohio Revised Code § 3901.386(C)*.

The Report and Recommendation found that "Miami Valley's many sentences denying that it is suing as an assignee are belied by the only sentence pled in Count I [which is subtitled "Violation of *O.R.C. § 3901.386*"]: 'Anthem owes Plaintiff the sum of $ 3,869.97 **by virtue of the assignment of benefits** executed by the Patient.'" Doc. 22 at 9 (emphasis added in Report and Recommendation).

The Report and Recommendation, however, ignores other averments in the complaint, notably the claim that "[o]n or about February 14, 2005, Anthem issued a check in the amount of $ 3,869.97 directly to Patient...." Doc. 1, ex. A P 5. Plaintiff does not seek to "stand in the shoes" of the patient as is done in the typical case of an assignment; it claims Patient has been paid. Rather, Plaintiff asserts that Community Insurance Company violated an independent duty imposed upon it by the State of Ohio, a duty to honor all assignments, valid or not, as long [*17] as the assignment was "validly executed." See *Ohio Rev. Code § 3901.386*. The Ohio statute at issue leaves Community Insurance free to determine whether or not a plan participant is entitled to coverage, and what amount of coverage is afforded under the terms of the plan. It simply encourages the provision of medically necessary hospital services provided on an emergency basis by requiring any benefit that is awarded to be made directly to the provider when an assignment has been "validly executed."

The *Cromwell* case does state that "[a] health care provider may assert an ERISA claim as a 'beneficiary' of an employee benefit plan if it has received a valid assignment of benefits," (Feikin, J.) (citing *Hermann Hospital v. MEBA Medical & Ben. Plan 845 F.2d 1286 (5th Cir. 1988)*. In this case, however, Plaintiff does not assert that it has received a valid assignment of benefits, and does not assert a claim as a "beneficiary" of an employee benefit plan.

The distinction between "valid" and "validly executed" assignments illuminates the distinction between the instant case and *Davila*. *Davila* involved the Texas Health Care Liability Act, [*18] which allowed plan participants to sue HMO's for wrongful denials not made with ordinary care. The Supreme Court found the THCLA not to be independent of ERISA or the plan terms because:

> [I]f a managed care entity correctly concluded that, under the terms of the relevant plan, a particular treatment was not covered, the managed care entity's denial of coverage would not be a proximate cause of any injuries arising from the denial. Rather, the failure of the plan itself to cover the requested treatment would be the proximate cause.

*542 U.S. at 213*. Here, it is neither the decision to grant or deny coverage nor any limitations inherent in the terms of the plan that causes harm to Plaintiff, but Community Insurance's decision not to mail the check to the destination mandated by state law when an assignment has been "validly executed."

The Report and Recommendation concludes that "if the plan prohibits an assignment of benefits (an argument which Community Insurance has not yet made, but which Miami Valley anticipates), then, arguably at least, there is no 'validly executed assignment of benefits' on which to recover under *Ohio Revised Code § 3901.386(C)* [*19] ." The Court, however, understands the Ohio State Legislature's decision to use the awkward phrase "validly executed assignment," rather than the simpler "valid assignment," in its regulation of insurance practices to carry a meaning distinct from that imported by the phrase "valid assignment." The Court understands the phrase to apply precisely to the instant situation: an assignment signed by the person holding the right to be assigned,

Page 7

2006 U.S. Dist. LEXIS 54627, *19; 39 Employee Benefits Cas. (BNA) 1994

independent of whether or not the person truly has the ability to assign it, a facially valid assignment.

Moreover, the Court understands this, and the concomitant duty to make the payment promptly, to be independent of the ERISA plan. Miami Valley Hospital does not assert that any term of the plan has been violated. To the contrary, it asserts that the plan participant was paid in full. Thus, Plaintiff's claims steer clear of the broad scope of preemption described in *Davila.* Here, Plaintiff does not complain of a denial of coverage, but asserts that Community Insurance determined that coverage did extend. At the same time, it alleges violation of a legal duty independent of ERISA and the plan terms, a violation of a law that simply regulates [*20] insurance practices. There was no point in time where Plaintiff could have brought this particular claim under *ERISA § 502(a)(1)(B)*, as it asserts that the terms of the Plan were satisfied. Thus, these claims are not preempted.

The possibility of the prompt-pay statute being preempted is subject to the same analysis. *Ohio Revised Code § 3901.389* does not alter the terms of the ERISA plan. Absent a claimed failure to pay benefits due according to the plan, this claim could not be brought under *ERISA § 502(a)(1)(B)*. This is an independent legal duty. As another court found:

> The ERISA Plan insuring Walters provides the factual context for these claims, but the Plan is peripheral to the statutory obligation to pay Memorial Hermann promptly for services it rendered. The Texas Insurance Code--rather than the insured's employee benefit Plan--is the basis of this claim. Memorial Herman has a right of recovery under the Texas prompt pay statutes independent of Walters's rights as a Plan participant. The prompt-pay statutory claims are not completely preempted by ERISA.

*Halliburton Co. Benefits Committee v. Memorial Herman Hosp. System,* 2005 WL 2138137, [*21] *5 (S.D. Tex. 2005) (citations omitted). This Court agrees and concludes that claims made under the Ohio prompt pay statute, *Ohio Revised Code §§ 3901.381, 3901.389,* are not preempted.

**B. Equitable Claims**

Plaintiff's remaining claim demands consideration of a separate point. Count II asserts promissory estoppel for the "full amount of the services provided to Patient" from Community Insurance. While it is not a claim that could be brought by a plan participant, the fact that it seeks reimbursement for "the full value of the services provided," doc. 7 ex. A. P 14, appears to collaterally challenge Community Insurance's determination of the amount of benefits due under the Plan. Since it does not limit itself to the $ 3,869.97 awarded to Griffith, this puts the case in a similar position with *Children's Hospital v. Kinderacre Learning Centers, 360 F. Supp. 2d 202 (D. Mass 2005)*. In that case, a hospital sought damages in the amount of $ 1.08 million dollars n7 after it relied upon misrepresentations concerning coverage for a severely premature newborn. In that case, the court noted:

> To the extent that the...claim substantially [*22] implicates plan interpretation or the relationship between the plan administrator and the ERISA beneficiaries, it may well trigger the conflict preemption analysis under § 514(a), *29 U.S.C. § 1144(a)*.

*Children's Hosp. v. Kindercare Learning Centers, 360 F. Supp. 2d 202, 207 (D. Mass 2005)*. This Court agrees. "ERISA does not preempt state law when the state law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of health care coverage." *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc., 164 F.3d 952, 954 (5th Cir. 1999)*. It is important to again note that in the second claim, as in the first, Miami Valley does not seek to stand in the shoes of Patient. It is a claim with its roots in the relationship between Miami Valley and Community Insurance. This thus Court finds the promissory estoppel claim not completely preempted.

n7 The case does not state whether this amounts exceeds what would have been available under the plan, but the Court assumes that it did.

Page 8

2006 U.S. Dist. LEXIS 54627, *22; 39 Employee Benefits Cas. (BNA) 1994

[*23]

**IV. Conclusion**

Because Plaintiff does not complain of a denial of coverage for medical care, and instead asserts that Community Insurance determined that coverage did extend and paid it to the plan participant, and because Plaintiff alleges violation of a statutory state legal duty independent of ERISA and the plan terms, and because Plaintiff at no point in time could have brought his claim under ERISA, and because ERISA does not preempt claims regarding misrepresentations regarding the existence of coverage, Plaintiff's Motion to Remand, Doc. 7, is **GRANTED.** The Report and Recommendation, doc. 22, is **REJECTED.** Pursuant to *28 U.S.C. § 1447(c)*, the instant case is **REMANDED** to the Montgomery County Common Pleas Court for lack of subject matter jurisdiction. The matter is ordered **TERMINATED** from the docket of the United States District Court for the Southern District of Ohio.

**DONE** and **ORDERED** in Dayton, Ohio, Monday, August 7, 2006.

s/Thomas M. Rose

UNITED STATES DISTRICT JUDGE

129M7K

********** Print Completed **********

Time of Request: Thursday, April 05, 2007   16:44:06 EST

Print Number:    1822:21343537
Number of Lines: 326
Number of Pages: 8

Send To:  MERRY, TONY
          TONY C MERRY LLC LAW OFFICE OF
          3300 RIVERSIDE DR
          COLUMBUS, OH 43221-1738