UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAYLOR CHEVROLET, INC.
dba TAYLOR DEALERSHIPS, aka
TAYLOR TEAM OF DEALERSHIPS,

      Plaintiff,                           Case No. 2:07-cv-53
                                              JUDGE GREGORY L. FROST
      v.                                   Magistrate Judge King

MEDICAL MUTUAL SERVICES, LLC.,

      Defendants.

## OPINION & ORDER

This matter comes before the Court for consideration of a Motion for Attorney's Fees and Costs (Doc. # 25) filed by Plaintiff Taylor Chevrolet, Inc. ("Plaintiff"), a memorandum in opposition (Doc. # 27) filed by Defendant Medical Mutual Services, LLC ("Defendant"), and a reply. (Doc. # 28.) For the reasons that follow, this Court grants Plaintiff's motion. (Doc. # 25.)

### A. Background

Plaintiff commenced this action in the Court of Common Pleas of Fairfield County, alleging breach of contract, breach of fiduciary duty, negligence, unjust enrichment, fraud, and bad faith under Ohio law. Defendant removed the action to this Court, asserting complete preemption under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq*. Plaintiff moved to remand (Doc. # 9), asserting that the Court lacked subject matter jurisdiction because the state law claims against Defendant were not completely preempted by ERISA. By Order and Judgment dated May 15, 2007 (Docs. # 22, 23), this Court remanded the

1

case to the Fairfield County Court of Common Pleas. Plaintiff now seeks an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

## B. Standard of Review

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A decision to award attorney's fees is "within the sound discretion of the district court." *Bartholomew v. Town of Collierville, Tenn.*, 409 F.3d 684, 686 (6th Cir. 2005) (quoting *Wrenn v. Gould,* 808 F.2d 493, 504 (6th Cir. 1987)). In deciding whether to award attorney's fees, this Court must ask whether the removing party had an objectively reasonable basis for removal in light of the factual allegations of the complaint. *Bartholomew*, 409 F.3d at 687 (stating that the Court is to "focus on the objective propriety of the removal attempt"). Thus, "[a]bsent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Conversely, an award of fees is appropriate where the defendant's attempt to remove the action is not fairly supportable, or where there has been some finding of fault with the defendant's decision to remove. *See Bartholomew*, 409 F.3d at 687; *see also Martin*, 546 U.S. at 134 (stating that "where no objectively reasonable basis exists, fees should be awarded").

## C. Discussion

To determine whether Defendant's removal was objectively reasonable, this Court must first examine the allegations of the Complaint (Doc. # 1) that allegedly provided a basis for removal.

Plaintiff is an Ohio corporation with its principal place of business in Lancaster, Ohio. Defendant is an limited liability company organized under Ohio law and maintains its principal place of business in Cleveland, Ohio. On or about March 1, 2003, Plaintiff created a self-funded health benefit plan (the "Plan") for the purpose of providing medical benefits to its eligible employees and their dependents.[1]

In March 2003, the parties entered into an administrative contract. Subsequent to that contract, the parties entered into a second contract effective March 1, 2004. Under the terms of the contracts in effect from March 2003 to 2005, Plaintiff was required to establish the Plan, prepare a governing Plan document, and prepare and distribute a summary Plan description to its employees. Pursuant to the contracts, Plaintiff was also financially liable to pay all the medical claims incurred by the Plan's participants and beneficiaries.[2] The contract required Defendant to act as an administrator to the Plan. According to the terms of the contracts and the Plan, Defendant provided coordination of benefits, workers' compensation services and subrogation services, and maintained and retained custody of the records of claims submitted under the Plan. Defendant processed and payed medical claims incurred by employees and their dependents.

Upon approval of a claim, Defendant issued a check to either the health provider or the participant. Defendant notified Plaintiff weekly as to the amounts that it expended. The

---

[1] The parties do not dispute that the Plan itself was an employee welfare benefit plan established and maintained in accordance with ERISA.

[2] ERISA defines a "participant" as "any employee. . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). The Contract between the parties refers to a participant and beneficiary collectively as "Covered Persons."

contracts then required Plaintiff to reimburse Defendant for the entire amount within one business day of invoice.

Plaintiff also entered into an excess loss reinsurance contract with American National Insurance Company ("American National") to protect itself from catastrophic financial loss. Notwithstanding Plaintiff's reinsurance contract with American National, Plaintiff was still required to reimburse Defendant for the entire amount of approved medical claims. The reinsurance contract required American National to reimburse Plaintiff for any claims Plaintiff paid on behalf of a single covered person in excess of $50,000. To ensure that Plaintiff was reimbursed, Plaintiff alleges that Defendant was required to timely notify American National of the excess amount.[3]

Plaintiff's claims arise out of two factual allegations stemming solely rom the contracts between the parties. First, Plaintiff alleges that Defendant failed to inform American National that Plaintiff had incurred costs of claims in excess of the individual aggregate for at least four covered persons. Due to the alleged failure, American National later refused to reimburse Plaintiff resulting in a loss of $40,347.70 that would have been covered under the reinsurance contract.

Second, Plaintiff alleges that Defendant wrongly retained a double payment that Plaintiff made to Defendant on March 4, 2005 in the amount of $50,031.13.[4]  Defendant applied the

---

[3] Though immaterial on a motion for attorney's fees, this Court again notes that Defendant argues that the 2003 Contract did not obligate it to inform American National of the excess loss that would fall under American National's coverage. Furthermore, Defendant claims that Plaintiff did not inform Defendant of its duty to do so until after the first Contract was up for renewal in March, 2004.

[4] The parties do not dispute that Plaintiff paid the same invoice twice.

initial payment to the amount due. Defendant, however, retained and deposited the "extra" payment into an account for payment of claims that were due under the former self-insured plan until the funds were exhausted. Plaintiff alleges that Defendant owes it an amount of at least $2,587.91 in interest on the "extra" payment that Defendant retained for almost one year.

This Court finds that based on the allegations of the Complaint (Doc. # 1), Defendant had no objective reasonable basis for removal. In light the facts alleged in the Complaint (Doc. # 1) and case law, Defendant's removal attempt was objectively improper.

Here, Plaintiff is seeking to enforce its own rights under a separate, distinct contract that it had with Defendant. Namely, Plaintiff seeks from Defendant its loss of interest on its overpayment as well as a reimbursement of medical expenses that its stop-loss insurer refused to pay. None of Plaintiff's claims are based on the ERISA. Plaintiff's state law claims do not cite to ERISA, nor are they of such a nature that would lead Defendant to reasonably believe that Plaintiff's allegations were preempted by ERISA. *See Shafizadeh v. BellSouth Mobility LLC*, 189 Fed. App'x. 410, 412-13 (6th Cir. 2006) (affirming the district's court denial of attorney fees because removal was objectively reasonable given that the complaint presented a well-pleaded federal question and cited a federal statute). It is apparent from the Complaint (Doc. # 1) that Plaintiff was neither a participant nor beneficiary under the ERISA plan.[5] Moreover, the Complaint shows that Plaintiff is not asserting its claims in its fiduciary capacity on behalf of beneficiaries or participants.[6] Plaintiff is not seeking to recover funds that were erroneously

---

[5] This Court has already found that Plaintiff, as an employer, is neither a participant nor beneficiary under the plan. (Doc. # 22.)

[6] This Court has already found that Plaintiff is not acting as an ERISA fiduciary with respect to its claims against Defendant. (Doc, # .)

paid form its health plan. The Complaint (Doc. # 1) does not suggest that the relevant beneficiaries of the plan suffered any injury– for example lost coverage or wrongful payment– because of Plaintiff's own losses. Rather, Plaintiff is attempting to recover for an independent harm that it allegedly suffered arising out of a distinct, separate contract with Defendant. *Mich. Affiliated Healthcare Sys v. CC Sys Corp. of Mich.*, 139 F.3d 546, 550 (6th Cir. 1998) (concluding that an employer's claims against a third party administrator and a stop-loss insurer for its employees' benefit plan are not completely preempted); *Toumajian v. Frailey*, 135 F.3d 648, 656 (9th Cir. 1988) (concluding that employer was not seeking relief on behalf of ERISA plan when employer was attempting to recover for the harm that employer suffered from its accountant's malfeasance); *see Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp*. 399 F.3d 692, 703 (6th Cir. 2005) (holding that a claim for compensatory damages proximately caused by a breach of contract and not a denial of plan benefits is not equivalent to an ERISA action). In sum, a party cannot justify removal simply by invoking ERISA preemption because the ERISA plan appears tangentially among the facts. *Gray v. New York Life Ins*. Co. 906 F. Supp. 628, 629 (N.D.Ala. 1995) (stating "[t]he ERISA removal knees continue to jerk. There is not enough room here to list the growing number of cases in which some defendant has stretched beyond all reason the concept of "super-preemption" by using his "super-imagination" to find a remote connection to ERISA.")

### D.  Conclusion

For the reasons aforementioned, this Court **GRANTS** Plaintiff's Motion. (Doc. # 25.) Thus, Defendant shall pay Plaintiff the reasonable expenses that Plaintiff incurred in bringing the motion to remand, including attorney's fees. Plaintiff shall serve an accounting of these fees and

6

costs on Defendant or attempt to come to an agreement, or in lieu of or upon the failure of such an effort, Plaintiff can proceed to submit a properly supported fee application to this Court, at which time the Court will schedule the matter of an in-court hearing.

**IT IS SO ORDERED.**

                                            /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

.